Opinion by
Mr. Chief Justice McWilliams.
On December 27, 1966 one Julian Alencoy was adjudicated mentally ill and committed to the custody of the Denver General Hospital by order of the Probate Court *386 for the City and County of 'Denver. Alencoy was a Russian immigrant who for many years had worked as a laborer for a railroad and by dint of hard work and frugality had accumulated an estate of over $100,000. As of the date of his commitment, Alencoy had no known heirs and ever since his wife’s death in 1930 had been living alone in a house in West Denver. The description in the commitment order of the particular behavior which necessitated Alencoy’s commitment was as follows: “chronic brain syndrome associated with senility and diabetes and cerebral arteriosclerosis.”
On January 5, 1967 a petition for letters of conservator-ship was filed in the Probate Court and one Andrew Wysowatcky was on that date appointed as conservator of the estate of Alencoy. The appointment of Wysowatcky as conservator was not challenged.
After a few months in the Denver General Hospital Alencoy’s condition improved somewhat and he was then transferred to a nursing home. Several months later Alencoy, Helen McNellis and one Theresa Shipman filed with the Probate Court a Petition for Substitution wherein they sought the removal of Wysowatcky as conservator and the appointment of McNellis and Shipman as co-conservators of the Alencoy estate. After hearing the Probate Court denied this Petition for Substitution and by this writ of error Alencoy seeks reversal of that order.
Without detailing the evidence adduced at the hearing on Alencoy’s Petition for Substitution, it should be observed that a full and complete hearing was held at which time all interested parties testified at considerable length. It was Alencoy’s position before the Probate Court, as it is here, that though there was no misconduct on the part of Wysowatcky which would justify his removal as conservator, his personal desire that Wysowatcky be removed as the conservator of his estate should nonetheless control.
In his petition Alencoy indicated that he then desired *387 that Mrs. McNellis and Mrs. Shipman be appointed to serve as co-conservators of his estate, McNellis and Shipman having been long time neighbors of his. At the hearing, however, Alencoy stated that he had changed his mind as concerns the possible appointment of Mrs. Shipman and he then asked that Mrs. McNellis alone be appointed to succeed Wysowatcky. Alencoy testified at great length and his testimony is rambling, disconnected and generally hard to follow. In fact, a reading of his testimony demonstrates the wisdom of the commitment order and also illustrates that Alencoy had no sensible opinion on the question as to who should serve as his conservator.
As indicated above, Alencoy did not — and does • not now — contest the order appointing Wysowatcky to serve as the conservator of his estate. It is his position, however, that because he desires that Wysowatcky now be removed and replaced by Mrs. McNeillis, the Probate Court must honor his preference and enter an order of removal and substitution.
Our attention has not been directed to any authority which would require the Probate Court to thus accede to Alencoy’s request. As concerns the initial appointment of a conservator, C.R.S. 1963, 153-9-2 provides only that “some fit person” shall be appointed as conservator of the estate of one mentally ill. And C.R.S. 1963, 153-10-8 sets forth the grounds for any subsequent removal of such fiduciary. Suffice it to say there is nothing in this record which would have compelled the removal of Wysowatcky as the conservator of the Alencoy estate under the aforesaid statute.
Alencoy’s reliance on Shapter v. Pillar, 28 Colo. 209, 63 P. 302 is misplaced and for a variety of reasons. In the first place the statutes under consideration in Shapter are apparently not the same as those with which we are concerned in the instant proceeding. Secondly, in the Shapter case the court was concerned with the initial appointment of a conservator and not with a petition for *388 his removal. And thirdly, though the Shapter case did indicate that in the initial selection of a conservator the wishes of the ward should be given consideration, such direction was premised upon the mental ability of the ward to exercise a “sensible opinion” on the matter. The instant record demonstrates that unfortunately Alencoy is unable to exercise such a sensible opinion as to who should serve as the conservator of his estate.
Other points advanced by Alencoy in this Court are secondary to the matter discussed above, and in connection therewith we find no error.
The judgment is affirmed.
Mr. Justice Pringle, Mr. Justice Hodges and Mr. Justice Groves concur.